```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,                New York, N.Y.
 4             v.                             24 Cr. 524 (JLR)
 5   KEITH TAYLOR,
 6                  Defendant.
 7   ------------------------------x          Arraignment
 8                                            September 6, 2024
                                              3:30 p.m.
 9
10   Before:
11                     HON. JENNIFER L. ROCHON,
12                                            District Judge
13
14
                              APPEARANCES
15
     DAMIAN WILLIAMS
16        United States Attorney for the
          Southern District of New York
17   BY:  REBECCA R. DELFINER
          ELI J. MARK
18        Assistant United States Attorneys
19
20   BRIAN P. KETCHAM
          Attorney for Defendant
21
22
23
24
25
```

o962TayA    kjc

1           (Case called)
2           THE DEPUTY CLERK:  Counsel, please state your name for
3   the record.
4           MS. DELFINER:  Good afternoon, your Honor.  Rebecca
5   Delfiner and Eli Mark for the government.
6           MR. MARK:  Good afternoon.
7           THE COURT:  Good afternoon.
8           MR. KETCHAM:  Good afternoon, your Honor.  Brian
9   Ketcham for Keith Taylor.  Mr. Taylor is present in court
10  today.
11          THE COURT:  Good afternoon.  Good afternoon,
12  Mr. Taylor.
13          I apologize for my delay.  I had a conference that
14  went over double the time it was allotted, so my deepest
15  apologies.  Thank you for your patience.
16          I understand that we are here on an initial
17  appearance.  I have not met Mr. Taylor before.
18          But let me ask the government for a report on where we
19  are and what we need to cover here today.
20          MS. DELFINER:  Thank you, your Honor.
21          The grand jury returned an indictment on the defendant
22  two days ago, so today we need to have the defendant arraigned
23  on the indictment and then just discuss the schedule going
24  forward.
25          THE COURT:  Great.  All right.

1                Before we begin with that, Mr. Taylor, I am
2       Judge Rochon and let me tell you first — you may sit, of
3       course.  Let me tell you some — remind you of some rights that
4       you have.  I always do this with every defendant that comes
5       before me.
6                First, you are not required to make any statements to
7       the authorities.  You have a right to remain silent.  Anything
8       you say can be used against you.  And if you have made
9       statements in the past, you have the right to remain silent
10      going forward.
11               You also have the right to be represented by an
12      attorney.  I see that you have your attorney here.  That's
13      great.  If you ever cannot afford an attorney, you have the
14      right to request that the Court appoint you an attorney.
15               Do you understand those rights, sir?
16               THE DEFENDANT:  Yes, your Honor.
17               THE COURT:  Okay.  And what I have before me is an
18      indictment.  And Mr. Ketcham, may I talk it your client
19      directly about the indictment?
20               MR. KETCHAM:  Yes, your Honor.
21               THE COURT:  Okay.  Mr. Taylor, have you seen a copy of
22      this indictment?
23               THE DEFENDANT:  Yes, your Honor, I have.
24               THE COURT:  And do you understand the charges that are
25      brought against you in this indictment?

1           THE DEFENDANT:  Yes, your Honor, I do.
2           THE COURT:  And have you had an opportunity to talk
3  with your lawyer about the indictment?
4           THE DEFENDANT:  Yes, your Honor, I have.
5           THE COURT:  And Mr. Ketcham, have you talked to your
6  client about the charges in the indictment?
7           MR. KETCHAM:  I have, your Honor.
8           THE COURT:  And do you believe that your client
9  understands the charges contained in the indictment?
10          MR. KETCHAM:  I do, your Honor.
11          THE COURT:  And Mr. Taylor, would you like me to read
12 the indictment out loud or do you waive its public reading?
13          MR. KETCHAM:  Your Honor, we will waive the public
14 reading.
15          THE COURT:  Mr. Taylor, how do you plead to the
16 charges in the indictment?  Guilty or not guilty.
17          THE DEFENDANT:  I plead not guilty on all charges.
18          THE COURT:  Thank you.
19          The defendant's plea of not guilty is accepted and
20 will be entered into the court record.
21          Now let's talk about discovery and scheduling in this
22 case.
23          Ms. Delfiner, can you talk to me about what discovery
24 looks like, when you anticipate it can be produced?
25          MS. DELFINER:  Yes, your Honor.

So the parties have signed a proposed protective order that we submitted via ECF just a few hours ago. Once that order is in place, the government expects that it can begin producing discovery next week, and we believe we will be substantially complete in approximately 30 days.

The discovery includes a reasonable amount of subpoena returns from financial institutions, from employees of the charity where Mr. Taylor had been working, and from various places where the defendant spent the money in question.

There are also, I believe, two warrant affidavits that will be included in the discovery relating to the defendant's arrest and the search of his apartment, and there are also a variety of IRS files in this case.

In addition to all of that, during the search of the defendant's apartment, we seized a number of electronic devices, including approximately six laptops and four cell phones. So our extraction of those devices is ongoing. It's taking a little while, given the volume and the encryption of at least some of those devices. So we don't know that those extractions and the review of those devices can be complete within 30 days, but we are working on them expeditiously and will begin producing them on a rolling basis as soon as possible.

THE COURT: Okay. So the majority of discovery would be produced by October 4.

1          MS. DELFINER:  I think we were thinking October 7, but
2    yes.
3          THE COURT:  Okay.  Well, October 7 it is, then.
4    October 7, let's put that as the deadline for the majority of
5    discovery, if not all.  I expect the government to move
6    expeditiously with respect to the laptops and cell phones.  So
7    if you can and do get that information, please turn it over
8    promptly as part of that production.  And also I would expect
9    that it be a rolling production and that items be produced as
10   they are ready and not wait until the end of the deadline.
11         MS. DELFINER:  Yes, your Honor.
12         THE COURT:  Okay, great.
13         Do you anticipate any superseding indictments, adding
14   any defendants, additional charges at this time?
15         MS. DELFINER:  The investigation is ongoing, your
16   Honor, so it's a little hard to say right now.
17         THE COURT:  Okay.  That's fine.
18         All right.  Mr. Ketcham, I generally ask defense
19   attorneys and defendants whether they would like to take time
20   to look at the discovery and to talk to your client about it
21   and then to come back on a status date for us to set dates for
22   motions and trials, but I am also happy to set dates for
23   motions and trials now if that's your preference.  What is your
24   preference?
25         MR. KETCHAM:  Your Honor, I would like some time to

1    speak with Mr. Taylor and analyze the indictment.  However, the
2    government and I have discussed a proposed schedule that I'm
3    happy to put on the record as far as motions.
4             THE COURT:  I am happy to proceed either way, if you
5    want to do a status date where you come back here and then you
6    tell me or we can set motion dates.  It's up to you.
7             MR. KETCHAM:  (Indicating).
8             THE COURT:  You can take a moment and discuss, sure.
9             (Counsel confer)
10            MR. KETCHAM:  Your Honor, the parties are happy to
11   propose a schedule now.
12            THE COURT:  Okay.  What's the schedule?
13            MR. KETCHAM:  We have discussed the dates.  The
14   deadline for defense motions would be October 31, the
15   government's opposition to the motions would be due
16   November 15, and the defense replies would be due November 22.
17            THE COURT:  And those are substantive motions.  That
18   is, we are not talking motions *in limine*, so we have
19   substantive motions.
20            MR. KETCHAM:  Yes, your Honor, substantive motions,
21   not trial motions.
22            THE COURT:  Okay.
23            And that's agreeable to you, Ms. Delfiner?
24            MS. DELFINER:  Yes, your Honor.
25            THE COURT:  Okay.  That's fine.  I will set those

1  dates.  I won't set the trial date yet because maybe we will
2  come back, talk about the motion, then we can decide a trial
3  date.
4             Mr. Ketcham, does that work?
5             MR. KETCHAM:  That's agreeable, your Honor.  Thank
6  you.
7             THE COURT:  Okay, sure.
8             MS. DELFINER:  Pardon me, your Honor, if I may?
9             THE COURT:  Yes.
10            MS. DELFINER:  We ask that we set a conference for
11 after the motions have been fully briefed.
12            THE COURT:  Yes.  I was going to say that.  That is a
13 good idea.  I will need a little time to look at the motions.
14 What about —— I'm trying to gauge whether I will have
15 appropriate time to view everything.  Are these multiple
16 motions?  Is there anything that you can tell me about them?
17 And if you can't, that's fine.  I'm not going to hold you to
18 it.  How much time do you think the Court may need to look at
19 these motions?  Should we look for a date in December or should
20 we look for a date in January?
21            MR. KETCHAM:  Your Honor, I would say a date in
22 January would probably be safe, although I don't yet really
23 know the number of motions.  I would expect at least one motion
24 directed towards the indictment.
25            THE COURT:  Of course.  Fine.  You request a date in

o962TayA                         kjc

1    January.  Your request is my command.

2               How about we do January 8 at 11:30?  Will that work,

3    Mr. Ketcham?

4               MR. KETCHAM:  Yes, your Honor.

5               THE COURT:  And Ms. Delfiner.

6               MS. DELFINER:  I believe so, your Honor.  I'm just

7    checking, if I may.

8               THE COURT:  Take your time.

9               MS. DELFINER:  That's fine for the government, your

10   Honor.  Thank you.

11              THE COURT:  Okay.  We will put down January 8 at

12   11:30.

13              Okay.  Just to give me a sense, were we to go to

14   trial, so I can understand my schedule a bit, about how long do

15   you think a trial would be in this case?

16              (Counsel confer)

17              MS. DELFINER:  Right now, your Honor, we would

18   estimate approximately two weeks for the government's

19   case-in-chief.  We will be able to refine that estimate as we

20   get closer.

21              THE COURT:  Okay.  Thank you.  That's helpful.

22              All right.  Another thing that I need to do today is I

23   want to inform the government in front of you, Mr. Taylor, that

24   they have certain obligations in terms of discovery, not just

25   to timing, but under the Federal Rule of Criminal Procedure

5(f), the government has an obligation, under *Brady v. Maryland* and its progeny, to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the government.

The government must make good-faith efforts to disclose such information to the defense as soon as reasonably possible, and failure to do so may result in any number of consequences, including a continuance, sanctions, dismissal, or vacatur of a conviction.

I'm going to enter a written order that describes more fully those obligations and the possible consequences if the government fails to meet them, and I direct the government to review and comply with that order.

Ms. Delfiner, do you confirm that you understand your obligations and either have fulfilled them or will fulfill them?

MS. DELFINER:  Yes, your Honor.

THE COURT:  Thank you very much.

Okay.  Are there any other items that we should discuss here today?

MS. DELFINER:  One from the government, your Honor, if I may.

The government would ask that you modify the conditions of the defendant's bail to prohibit him from working

1    at the Modest Needs Foundation.  That's because the government
2    has had confirmed that Modest Needs is not currently permitted
3    to solicit donations or do any fundraising activity in
4    New York, and therefore we think it is inconsistent with the
5    terms of the defendant's bail to be working there.
6             THE COURT:  So let me hear defendant's position and
7    then I will have a few questions.
8             Mr. Ketcham.
9             MR. KETCHAM:  Yes, your Honor.
10            We don't have any objection to that modification.
11   Frankly, your Honor, most of that has been accomplished
12   already.  Mr. Taylor, as of July 2, shortly after his arrest,
13   was removed from having signature authority over the
14   foundation's bank accounts.  He tendered his resignation to the
15   foundation on July 29, and I believe the last time he's
16   received any compensation from the foundation was August 23,
17   and he is not going to receive any compensation going forward.
18   So I believe, your Honor, he is effectively no longer employed
19   and no longer in the operations of Modest Needs Foundation.  I
20   have discussed this with the government, and I believe that
21   satisfies the government, but that's my understanding.
22            THE COURT: All right.  Thank you.  So he is no longer
23   employed there.
24            MR. KETCHAM:  Correct, your Honor.
25            THE COURT:  So Ms. Delfiner, what more do you need?

Case 1:24-cr-00524-JLR   Document 21   Filed 10/04/24   Page 12 of 13    12
o962TayA   kjc

```
1                  (Counsel confer)
2              THE COURT:  It sounds to me as if Mr. Ketcham does not
3    object to that condition being in place.  I guess in an
4    abundance of caution, should he wish to go back and work for
5    the foundation —— is that correct, Mr. Ketcham?
6              MR. KETCHAM:  Your Honor, he has no intent to go back.
7              THE COURT:  Exactly.  So you don't object to this
8    condition being added.
9              MR. KETCHAM:  I do not.
10             THE COURT:  So without objection to the condition
11   being added, then, I will add the condition that he is not to
12   be employed by the foundation, if that's agreed upon by the
13   parties and effectively in place anyway.
14             All right.  And then is there anything else,
15   Ms. Delfiner?
16             MS. DELFINER:  Not other than the exclusion of time,
17   your Honor.
18             THE COURT:  Okay.  We will deal with the exclusion of
19   time in a moment.
20             Anything, Mr. Ketcham, from you?
21             MR. KETCHAM:  No, your Honor.  Thank you.
22             THE COURT:  Okay.
23             And then what were you going to say with the exclusion
24   of time, Ms. Delfiner.
25             MS. DELFINER:  Your Honor, the government requests the
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  exclusion of time from today until the conference on January 8,
2  2025, as the exclusion of time would be in the interest of
3  justice and outweigh the defendant's interest in a speedy
4  trial, because it would allow the government to produce
5  discovery to the defense and his counsel, it would allow
6  defense counsel to consider motions, and it would allow the
7  parties to consider a possible disposition to the charges.
8              THE COURT:  Mr. Ketcham, your position, please.
9              MR. KETCHAM:  There is no objection, your Honor.
10             THE COURT:  All right.  I will exclude time from today
11 until January 8.  I find the ends of justice served by
12 excluding the time outweigh the interests of the public and the
13 defendant in a speedy trial because of the need for time for
14 the production of discovery, for defendant to review the
15 discovery, for the defendant to consider and prepare any
16 motions, and for there to be time to have any potential
17 negotiations regarding a disposition of this case.
18             Anything further, Ms. Delfiner?
19             MS. DELFINER:  No, thank you, your Honor.
20             THE COURT:  Anything further, Mr. Ketcham?
21             MR. KETCHAM:  No.  Thank you, your Honor.
22             THE COURT:  It's a pleasure meeting you, Mr. Taylor.
23 I believe that covers everything.  Court is adjourned.  Take
24 care.
25                               oOo